**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Angel Alvarez,                                    )    No. CV-25-00430-TUC-AMM (MAA)
                                                  )
            Petitioner,                           )    **REPORT AND**
                                                  )    **RECOMMENDATION**
vs.                                               )
                                                  )
Unknown Party, named as Warden Safford)
F.C.C.                                            )
                                                  )
            Respondent.                           )
                                                  )
                                                  )

On August 1, 2025, Angel Alvarez, an inmate confined in the Federal Correctional Institution ("FCI") in Safford, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. Doc. 1. Alvarez claims that he has accumulated Earned Time Credits ("ETCs") pursuant to the First Step Act ("FSA") and he should be transferred to a halfway house on 12/17/2025. Doc. 1, p. 4. He argues, among other things, that the Bureau of Prisons cannot refuse to transfer him just because the halfway house is "full." Doc. 1-1, p. 2.

The respondent, the warden at FCI Safford, filed an answer on December 15, 2025. Doc. 12. Alvarez did not file a reply.

Pursuant to the Local Rules of Practice, this matter was referred to the Magistrate Judge for a report and recommendation. Doc. 4. The petition should be dismissed as moot. In the alternative, it should be dismissed as not ripe. The court does not reach the respondent's remaining objections. Doc. 12.

Discussion

The First Step Act ("FSA") allows an eligible prisoner to earn time credits toward prerelease custody or supervised release.  18 U.S.C. § 3632(d)(4)(C).  Alvarez claims that his earned time credits ("ETCs") make him eligible for prerelease custody by 12/17/2025 if not before.  Doc. 1, p. 4.

The respondent disagrees with Alvarez's calculation.  He asserts that Alvarez's projected release date is May 10, 2027 and Alvarez had 345 days of ETCs as of November 16, 2025, the last date for which the respondent had information.  Doc. 12, pp. 10-11.  The pertinent statute explains that ETCs cannot be applied until the prisoner is "eligible," that is, when he "has earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment."  18 U.S.C. § 3624(g)(1)(A).  Under the statute, Alvarez cannot become "eligible" until May 30, 2026, which is 345 days before his projected release date.  *See Id*.  Alvarez might become "eligible" sooner if he earned more ETCs.  The respondent argues that the petition is not yet ripe.  Doc. 12, pp. 10-11.

The respondent further explains that Alvarez was transferred to prerelease custody on October 15, 2025 and the petition is now moot.  Doc. 12, p. 12; Doc. 12-1, ¶ 49.  Alvarez did not file a reply brief.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the petition.  Doc.  1.  Alvarez has already been transferred to prerelease custody.  The petition is moot.  In the alternative, the petition should be dismissed because it is not yet ripe.  The court does not reach the respondent's remaining objections.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation.  If objections are not

timely filed, they may be deemed waived.  The Local Rules permit a response to an objection. They do not permit a reply to a response without the permission of the District Court.

Dated this 3rd day of March, 2026.

Honorable Michael A. Ambri
United States Magistrate Judge